UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| TYRONE CURTIS GEORGE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:15-CV-186-TLS |
| | ) | |
| DR. WELDON COOK, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Tyrone Curtis George, Sr., a *pro se* prisoner housed in the LaPorte County Jail, filed a complaint seeking injunctive relief to prevent Dr. Weldon Cook (the jail doctor) from providing him with medical care because he is dissatisfied with the care Dr. Cook is providing and because he is suing Dr. Cook in a separate lawsuit. Alternatively, the Plaintiff seeks to be moved to a different jail so that he will not be under the care of Dr. Cook. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Nevertheless, the Court must review the Complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

George has Sickle Cell Anemia[1] and sued Dr. Cook in *George v. Cook*, 3:15-CV-004 (N.D. Ind. filed January 5, 2015) based on an event which occurred in November 2014. Though his claims against Dr. Cook in that case have been dismissed, George is also alleging that Dr. Cook has not (and is not) providing him with the same course of treatment he received before he was a pre-trail detainee at the jail. However, prisoners are "not entitled to demand specific care[, nor are they] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). Mere disagreement with a medical professional does not state a claim, *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003), and even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (citation omitted). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to

---

[1] "Sickle cell anemia is a disease in which your body produces abnormally shaped red blood cells. The cells are shaped like a crescent or sickle. They don't last as long as normal, round red blood cells. This leads to anemia. The sickle cells also get stuck in blood vessels, blocking blood flow. This can cause pain and organ damage." MedlinePlus, U.S. National Library of Medicine, National Institutes of Health (May 11, 2015), http://vsearch.nlm.nih.gov/vivisimo/cgi-bin/query-meta?v%3Aproject=medlineplus&v%3A sources=medlineplus-bundle&query=sickle+cell+anemia.

come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Negligence does not satisfy the "deliberate indifference" standard, *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), and it is not enough to show that a prison official merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Deliberate indifference can be inferred only where there is a strong likelihood rather than a mere possibility that injury will occur. *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985). The Plaintiff states that he is in pain, but "[w]hether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (internal quotation marks and citations omitted).

The Complaint does not explain what treatment Dr. Cook is providing and thus it has not provided the facts necessary to plausibly allege that Dr. Cook is deliberately indifferent to the Plaintiff's health. To state a claim, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the

3

assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal quotation marks, citations, and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (internal quotation marks and brackets omitted).

Nevertheless, with additional factual information about what medical care he has received, the Plaintiff may be able to state a claim if he files an amended complaint. Therefore, he will be granted leave to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). In the amended complaint the Plaintiff needs to clearly explain when he has seen Dr. Cook, what Dr. Cook has said to him, what medical problems he is having, how Dr. Cook is treating those conditions, how he has responded to that treatment, and why he believes those treatment decisions demonstrate that Dr. Cook is deliberately indifferent to his health.

For the foregoing reasons, the Court:

(1) STRIKES the Complaint [ECF No. 1];

(2) DIRECTS the Clerk to place this cause number on a blank 42 U.S.C. § 1983 Prisoner Complaint form and send it to Tyrone Curtis George, Sr.;

(3) GRANTS the Plaintiff, Tyrone Curtis George, Sr., until June 25, 2015, to file an amended complaint; and

(4) CAUTIONS Tyrone Curtis George, Sr., that if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current Complaint does not state a claim.

SO ORDERED on May 12, 2015.

        s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION