# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| TYRONE CURTIS GEORGE, SR., | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 3:15-CV-186-TLS |
| DR. WELDON COOK, | ) |
| Defendant. | ) |

## OPINION AND ORDER

The Plaintiff, Tyrone Curtis George, Sr., a *pro se* prisoner housed in the LaPorte County Jail, filed an Amended Complaint [ECF No. 5] alleging that Dr. Weldon Cook (the jail doctor) is deliberately indifferent to his has sickle cell anemia.[1] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Nevertheless, the Court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

---

[1] "Sickle cell anemia is a disease in which your body produces abnormally shaped red blood cells. The cells are shaped like a crescent or sickle. They don't last as long as normal, round red blood cells. This leads to anemia. The sickle cells also get stuck in blood vessels, blocking blood flow. This can cause pain and organ damage." MedlinePlus, U.S. National Library of Medicine, National Institutes of Health (June 8, 2015), http://vsearch.nlm.nih.gov/vivisimo/cgi-bin/query-meta?v%3Aproject=medlineplus&v%3Asources=medlineplus-bundle&query=sickle+cell+anemia.

"For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (internal quotation marks and citations omitted). Here, the Plaintiff alleges that before he was incarcerated, his sickle cell anemia was under control, but now that Dr. Cook has changed his treatment, he is suffering severe pain and has had to go to the hospital twice. "Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). Prisoners are "not entitled to demand specific care[, nor are they] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). Mere disagreement with a medical professional does not state a claim, *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003), and even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). The Plaintiff alleges, in part, that Dr. Cook is prescribing an insufficient dosage of pain medication for him. Though it is unclear exactly what treatment Dr. Cook has prescribed and whether it is a substantial departure from accepted professional practice, judgment, or standards, the Amended Complaint has plausibly alleged that it could be. Therefore, the Plaintiff will be granted leave to proceed against the Defendant, Dr. Weldon Cook.

For the foregoing reasons, the Court:

(1) GRANTS the Plaintiff, Tyrone Curtis George, Sr., leave to proceed against Dr. Weldon Cook in his individual capacity for compensatory damages and for denying the Plaintiff

medical treatment for his sickle cell anemia since November 5, 2014, in violation of the Fourteenth Amendment;

(2) GRANTS the Plaintiff, Tyrone Curtis George, Sr., leave to proceed against Dr. Weldon Cook for injunctive relief to obtain medical treatment for his sickle cell anemia;

(3) DISMISSES all other claims;

(4) DIRECTS the Clerk to transmit the summons and USM-285 forms for Dr. Weldon Cook to the United States Marshals Service along with a copy of the Amended Complaint and this Order;

(5) DIRECTS the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Dr. Weldon Cook ; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Weldon Cook respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 23, 2015.

     s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION